```
 1 │ McGREGOR W. SCOTT
   │ United States Attorney
 2 │ WILLIAM S. WONG
   │ Assistant U.S. Attorney
 3 │ 501 I Street, Suite 10-100
   │ Sacramento, California 95814
 4 │ Telephone: (916) 554-2790
```




FILED

AUG 5 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. No. S-06-451 EJG |
|---|---|---|
| Plaintiff, | ) | PLEA AGREEMENT |
| v. | ) | |
| MICHAEL WAYNE BLANCHE, | ) | |
| Defendant. | ) | |

## I.

### INTRODUCTION

**A. Scope of Agreement:** The Superseding Indictment in this case charges the defendant with Count Five: 18 U.S.C. §§ 2113(a) and (d) - Armed Bank Robbery; and Count Six: 18 U.S.C. § 924(c)(1) - Use of a Firearm. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

1

**B. Rule 11(c)(1)(C) Specific Sentence Agreement:** The government and the defendant agree that a specific sentence of two hundred forty (240) months which shall run concurrent to the previously imposed sentence of one hundred ninety-two (192) months in custody in <u>United States v. Michael Wayne Blanche</u>, CR. No. S-05-243 WBS/EJG, would be appropriate in this case. Consequently, this Plea Agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the provisions of Rule 11(c)(2) and (3), the Court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the Court accepts the Plea Agreement, the Court will inform the parties that it will embody in the judgment and sentence the disposition provided for in this Plea Agreement. If the Court rejects this Plea Agreement, the Court shall so advise the parties, allow either party the opportunity to withdraw from this plea agreement, and advise the defendant that if he persists in a guilty plea the disposition of the case may be less favorable to him than is contemplated by this Plea Agreement.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to Count Five: 18 U.S.C. § 2113(a) and (d) - Armed Bank Robbery. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Dismissal of Pending Appeal:** The defendant agrees to dismiss his pending appeal in <u>United States v. Blanche</u>, CA No. 07-

10141. To accomplish this, the defendant will file a formal request to dismiss his pending appeal with prejudice with the Ninth Circuit Court of Appeals. The defendant understands and agrees that the dismissal of his pending appeal is a mandatory condition of this plea agreement. Furthermore, the defendant agrees not to file any motion pursuant to 28 U.S.C. § 2255 or otherwise as it pertains to <u>United States v. Blanche</u>, CR. No. S-05-243 WBS/EJG.

### III.
### THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations:**

    **1. Dismissal:** The government shall move to dismiss with prejudice the remaining charge alleged in the Superseding Indictment at the time of sentencing if the defendant complies with the terms and conditions contained in this Agreement.

    **2. Acceptance of Responsibility:** The government shall recommend that the defendant receive a three-level downward adjustment in the base offense level pursuant to U.S.S.G. § 3E1.1(b) on the condition that the defendant fully accepts responsibility for his role in the offense.

### IV.
### MAXIMUM SENTENCE

**A. <u>18 U.S.C. §§ 2113(a) and (d)</u>.**

The maximum sentence the Court can impose on Count Five is not more than twenty-five (25) years of incarceration, a five (5) year period of supervised release, a fine of Two Hundred Fifty Thousand ($250,000) Dollars, and a special assessment of One Hundred ($100) Dollars. If the defendant should violate a condition of supervised release, he can be returned to prison for up to three (3) years.

By signing this agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific count to which the defendant is pleading guilty. The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

## V.

### ELEMENTS OF THE OFFENSE

A.  <u>18 U.S.C. §§ 2113(a) and (d)</u>.

The defendant is charged in Count Five of the Superseding Indictment with armed bank robbery in violation of Sections 2113(a) and (d) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant took from employees of the bank money belonging to the bank;

Second, the defendant used force and violence or intimidation in doing so;

Third, the deposits of the bank were then federally insured; and

Fourth, the defendant intentionally assaulted or put in jeopardy the life of any person by the use of a dangerous weapon or device in committing the offense.

## VI.

### SENTENCING DETERMINATION

A. **Statutory Authority:** The defendant understands that the

1  Court must consult the Federal Sentencing Guidelines (as promulgated
2  by the Sentencing Commission pursuant to the Sentencing Reform Act
3  of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
4  modified by United States v. Booker and United States v. Fanfan, 543
5  U.S. 420 (2005)), and must take them into account when determining a
6  final sentence.  Defendant understands that the Court will determine
7  a non-binding and advisory guideline sentencing range for this case
8  pursuant to the Sentencing Guidelines.  Defendant further
9  understands that the Court will consider whether there is a basis
10 for departure from the guideline sentencing range (either above or
11 below the guideline sentencing range) because there exists an
12 aggravating or mitigating circumstance of a kind, or to a degree,
13 not adequately taken into consideration by the Sentencing Commission
14 in formulating the Guidelines.  Defendant further understands that
15 the Court, after consultation and consideration of the Sentencing
16 Guidelines, must impose a sentence that is reasonable in light of
17 the factors set forth in 18 U.S.C. § 3553(a).

## VII.

### WAIVERS

20 **A.  Waiver of Constitutional Rights:**  The defendant understands
21 that by pleading guilty he is waiving the following constitutional
22 rights:  (a) to plead not guilty and to persist in that plea if
23 already made; (b) to be tried by a jury; (c) to be assisted at trial
24 by an attorney, who would be appointed if necessary; (d) to subpoena
25 witnesses to testify on his behalf; (e) to confront and cross-
26 examine witnesses against him; and (f) not to be compelled to
27 incriminate himself.
28 ///

**B.  Waiver of Appeal and Collateral Attack:**  The defendant agrees to waive all rights to appeal this plea and sentence and to attack collaterally this plea and sentence whether by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise.

The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right to file any new charges that would otherwise be barred by this agreement.  The decision to pursue this option is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision.  In particular, he agrees not to raise any objections based on the passage of time with respect to such charges including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United

1 States.

## IX.

### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 8/5/08

JOSEPH WISEMAN,
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and the sentencing factors pursuant to 18 U.S.C. § 3553(a) which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 8/5/08

MICHAEL WAYNE BLANCHE,
Defendant

///
///
///
///

C. **Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

DATED: *August 05, 2008*

McGREGOR W. SCOTT
United States Attorney

By: *William S. Wong*
WILLIAM S. WONG
Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

The parties agree that Exhibit A is only a summary of the facts and that the government and the defendant may provide additional facts to the Court at the time of the taking of the plea and sentencing.

**Count Five - Washington Mutual Bank**

On January 31, 2005, at approximately 1754 hours, two Black males ran into the bank. As robber #1 ordered everyone in the bank to get on the floor, robber #1 pointed an object, which appeared to be a handgun and was covered in some type of red cloth. Robber #1 brandished the weapon and yelled at people that he would shoot people if they made any moves. The second robber then jumped over the counter and began removing money from the tellers' cash drawers and putting the money in a light colored bag. After taking the money, the second robber jumped the counter again and the two robbers exited the building through the north entrance. Bank employees were able to identify the robbers as Black males even though the robbers had some type of mask covering most of their faces.

The loss to Washington Mutual Bank was approximately $9,453.00. The bank was insured by the Federal Deposit Insurance Corporation at the time of the robbery.

Javaris Marquez Tubbs is now cooperating with the government and has identified Neal Edward Peterson, Jr., and Michael Blanche as the two robbers who entered the Washington Mutual Bank on Florin Road in Sacramento, California, to commit armed bank robbery. Tubbs stated that Blanche, Peterson, and himself cased the bank for several minutes until parking briefly behind the nearby Bel Air grocery store and strip mall area. Tubbs participated in the robbery by driving the getaway car.

Tubbs stated that he contacted his girlfriend via cellular telephone and instructed her to make an emergency ruse call from a pay phone to the police to divert/distract the police from the immediate area of the bank. Tubbs drove Peterson and Blanche to the drop area and then repositioned his vehicle behind a wall near the Bel Air grocery store.

Tubbs stated that Peterson was armed with a black .45 caliber semi-automatic handgun during the robbery. Tubbs stated that he saw Peterson in possession of the gun during the meeting at 4102 Spindrifter Lane, Elk Grove, California, prior to leaving to the bank. Furthermore, he stated that he saw it briefly during the bank robbery sequence of events.

Tubbs reviewed several bank robbery surveillance photographs and identified the large individual wearing a tan hooded jacket and dark pants as Michael Blanche. Tubbs identified the individual

1  wearing the dark sweatshirt, dark green pants, white gloves, and
2  armed with a handgun wrapped in the red sock as Neal Peterson.

     Tubbs stated that Peterson was more experienced, therefore, he held the gun and controlled the customers and employees in the lobby area while Blanche, being less experienced, went over the counter to remove the money.

     Following the robbery, Peterson and Blanche ran back to the vehicle where Tubbs was waiting. Peterson was carrying the money in the bag. They drove to 4102 Spindrifter Lane, where they divided the money.

     Defendant Blanche stipulates that he participated in this robbery, along with Neal Peterson, Jr., and Javaris Tubbs.